UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO.:

WINDY LUCIUS,

    Plaintiff,

v.

5TH BITE OF THE APPLE, LLC
d/b/a Black Rock Bar & Grill, and
755 MANAGEMENT COMPANY, INC.

    Defendants.
_____/

## COMPLAINT FOR INJUNCTIVE RELIEF

Plaintiff Windy Lucius hereby sues Defendant 5th Bite of the Apple, LLC doing business as Black Rock Bar & Grill and Defendant 755 Management Company, Inc. doing business as https://www.blackrockrestaurants.com for Injunctive Relief, attorney's fees, litigation expenses and costs pursuant to Title III of the Americans with Disabilities Act of 1990, as amended, 42 U.S.C. §§s 12181-12189 ("ADA"), 28 C.F.R. Part 36, *et seq*.

1. Venue lies in the Southern District of Florida pursuant to 28 U.S.C. § 1391(b) and Local Rule 3.1, in that the original transaction or occurrence giving rise to this cause of action occurred in this District.

2. Pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1343, this Court has been given original jurisdiction over actions which arise from the Defendants' violations of Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181 *et seq*. *See* also 28 U.S.C. § 2201 and § 2202.

3. Plaintiff Windy Lucius ("Plaintiff") is a Florida resident, lives in Miami-Dade County, is *sui juris*, and qualifies as an individual with disabilities as defined by the ADA. Plaintiff

is legally blind and a member of a protected class under the ADA, 42 U.S.C. §§ 12102(1)-(2), the regulations implementing the ADA set forth at 28 CFR §§ 36.101 *et seq.* and in 42 U.S.C. 3602, §802(h). Plaintiff is substantially limited in the major life activity of seeing. Plaintiff's disability is defined in 28 C.F.R. §36.105(b)(2).

4. Plaintiff uses the internet and a mobile device to help him navigate a world of goods, products and services like the sighted. The internet, websites and mobile applications provide her a window into the world that she would not otherwise have. She brings this action against Defendants for offering and maintaining a mobile website (soFortware that is intended to run on mobile devises such as phones or tablet computers) that is not fully accessible and independently usable by visually impaired consumers. Plaintiff utilizes the Apple Screen Reader VoiceOver soFortware to read computer materials and/or access and comprehend internet mobile website information which is specifically designed for the visually impaired.

5. Plaintiff is also an advocate of the rights of similarly situated disabled persons and is a "tester" for the purpose of asserting her civil rights and monitoring, ensuring, and determining whether places of public accommodation and/or their mobile websites are in compliance with the ADA.

6. Defendant 5th Bite of the Apple, LLC (also referenced as "Defendant Apple" or collectively with Defendant 755 Management Company, Inc. as "Defendants") is a Florida limited liability company which is the franchise owner and operator of a Black Rock Bar & Grill (brand) restaurant which is located within this district and is open to the public. Defendant Apple is defined as a "Public Accommodation" within meaning of Title III because Defendant Apple is a private entity which owns and/or operates "[A] restaurant, bar, or other establishment serving food or drink," 42 U.S.C. §12181(7)(B) and 28 C.F.R. §36.104(2).

7. Defendant Apple's Black Rock Bar & Grill restaurant (which is the subject of this action) is located in Fort Lauderdale at 6200 N Federal Highway, Fort Lauderdale, Florida 33308 and is open to the public; as such, it is a Place of Public Accommodation subject to the requirements of Title III of the ADA and its implementing regulation as defined by 42 U.S.C. §12181(7)(B), §12182, and 28 C.F.R. §36.104(2). Defendant Apple's Black Rock Bar & Grill restaurant is referenced herein as "place of public accommodation," "Black Rock Bar & Grill Fort Lauderdale (restaurant)," or "restaurant."

8. Defendant 755 Management Company, Inc. (also referenced as "Defendant Management Company" or collectively with Defendant Apple as "Defendants") is a Michigan corporation. On information and belief, 755 Management Company, Inc. is the franchisor and/or internet marketing manager of the twenty-one Black Rock Bar & Grill restaurants in Michigan, Ohio, Indiana, Florida and Maryland. The Black Rock Bar & Grill restaurant brand features certified Angus beef steaks grilled on a 755 degree volcanic sizzling rock.

9. Subsequent to the effective date of the ADA, Defendant Management Company constructed, or caused to be constructed, the https://www.blackrockrestaurants.com mobile website (hereinafter "mobile website") for the benefit and use of Black Rock Bar & Grill restaurants. The mobile website supports, is an extension of, is in conjunction with, is complementary and supplemental to Black Rock Bar & Grill restaurants, and specifically the five Black Rock Bar & Grill restaurants licensed in Florida which are:

- Black Rock Bar & Grill Fort Lauderdale located at 6200 N Federal Highway, Fort Lauderdale, Florida 33308, which is owned by franchisee Defendant 5th Bite of the Apple, LLC (a party to this action);
- Black Rock Bar & Grill Orlando located at 8965 Conroy Windermere Road, Orlando,

- Florida 32835, which is owned by franchisee BR Windermere, LLC (which is not a party to this action);

- Black Rock Bar & Grill Brandon located at 804 Providence Road, Brandon, Florida 33511, which is owned by franchisee Black Rock Brandon, LLC (which is not a party to this action);

- Black Rock Bar & Grill Tampa located at 11702 North Dale Mabry Highway, Tampa, Florida 33618 which is owned by franchisee Carrollwood, LLC (which is not a party to this action); and

- Black Rock Bar & Grill Coral Springs (opening soon) located at 2554 North University Drive, Coral Springs, Florida 33071, which is owed by 7th Bite of the Apple, LLC (which is not a party to this action).

Defendant Management Company constructed the https://www.blackrockrestaurants.com mobile website with the intent that the general public access its mobile website on their mobile devices (phones, tablets). This mobile website supports, is an extension of, is in conjunction with, is complementary and supplemental to Black Rock Bar & Grill restaurants and specifically the Black Rock Bar & Grill Fort Lauderdale restaurant.

10. The mobile website delineates the goods, services, accommodations, privileges, benefits and facilities available to patrons at Black Rock Bar & Grill restaurants, and specifically the Black Rock Bar & Grill Fort Lauderdale restaurant.

11. The intent of the mobile website is to provide a way for the public to become familiar with all Black Rock Bar & Grill restaurants, and specifically to become familiar (with intent of patronizing) with the Black Rock Bar & Grill Fort Lauderdale restaurant. The mobile website features Black Rock Bar & Grill menu selections, hours of operation, and restaurant

4

location. The mobile website provides a link to order food online and have that food delivered[1] or have the prepared food available for pickup, allows the public to purchase gift cards online for exclusive use at Black Rock restaurant locations (including the Black Rock Bar & Grill Fort Lauderdale location) and provides other information Defendants seek to communicate to the public. The mobile website also links to The Black Rock Bar & Grill Facebook and Instagram pages and permits the public to communicate with the restaurants via a "contact us" fill in form. By the provision of menu selection, food pickup and delivery options, and the ability to purchase gift cards online (for exclusive use at Black Rock Bar & Grill restaurants) the mobile website is an integral part of the goods and services offered by Defendants. By this nexus, the mobile website is characterized as a Place of Public Accommodation to Title III of the ADA[2], 42 U.S.C. §§ 12181(7)(B) & (E) and 28 C.F.R. §§ 36.104(2) & (5).

12. As the owner of the mobile website which is a Place of Public Accommodation, Defendant Management Company is defined as a "Public Accommodation" within meaning of Title III under 42 U.S.C. §§ 12181(7)(B) & (E) and 28 C.F.R. §§36.104(2) & (5).

13. The https://www.blackrockrestaurants.com mobile website allows mobile device users to use a mobile platform through a connection to Wi-Fi or cellular data so that users can manage their dining choice from their mobile device. Defendants have subjected themselves to the ADA because the mobile website is offered as a tool to promote, advertise and sell Defendants' products and services from Black Rock Bar & Grill restaurants and specifically from the Black

---

[1] Delivery options include Door Dash, Grub Hub, and Uber Eats.
[2] Ensuring Web Accessibility for people with disabilities has become a priority for the Department of Justice. The Department of Justice Civil Rights Division has taken the position that both State and local government websites (Title II) and the websites of private entities that are public accommodations (Title III) are covered by the ADA. On March 18, 2022, the DOJ issued guidance on Web Accessibility, see https://beta.ada.gov/resources/web-guidance/. The guidance states that individuals with disabilities should not be denied equal access to information, and inaccessible websites are as excluding as are access barriers to physical locations. DOJ guidance requires that website barriers must be identified, prevented, and removed so that all Title II and Title III entities offer websites that are accessible to people with disabilities.

Rock Bar & Grill Fort Lauderdale restaurant location. As a result, the mobile website must interact with the public, and in doing so must comply with the ADA, which means the mobile website cannot discriminate against individuals with disabilities and cannot deny individuals with disabilities full and equal enjoyment of the goods and services which Defendants afford to the general public.[3]

14. The mobile website does not properly interact with the VoiceOver screen reader software technology in a manner that allows blind and visually impaired individuals to comprehend the mobile website and does not provide other means to accommodate blind and visually impaired individuals.

15. Like the seeing community, Plaintiff would like the opportunity to be able to use the https://www.blackrockrestaurants.com mobile website to comprehend Black Rock Bar & Grill restaurant menu selections, purchase gift cards online, and to order food online for pickup or for delivery. However, unless Defendants are required to eliminate the access barriers and change their policies so that access barriers do not reoccur, Plaintiff will continue to be denied full and equal access to the mobile website and will be deterred from fully using the mobile website and/or dining at the Black Rock Bar & Grill Fort Lauderdale restaurant.

16. Plaintiff is continuously aware of the violations on the mobile website and is aware that it would be a futile gesture to attempt to utilize that mobile website as long as those violations exist unless she is willing to suffer additional discrimination.

17. Defendants and alike restaurants are fully aware of the need to provide full access to all visitors to the https://www.blackrockrestaurants.com mobile website as barriers result in

---

[3] According to Statista, almost half of web traffic in the United States originated form mobile devices in 2021. Therefore, Defendant knew or should have known that potential customers would be using the mobile version of its website and provided accessibility for blind users.

discriminatory and unequal treatment of individuals with disabilities who are visually impaired and result in punishment and isolation of blind and low vision individuals from the rest of society.

18. Plaintiff has no plain, adequate, or complete remedy at law to redress the wrongs alleged herein and this action is her only means to secure adequate redress from Defendants' discriminatory practice.

19. Notice to Defendants is not required as a result of Defendants' failure to cure the violations. Enforcement of the rights of Plaintiff is right and just pursuant to 28 U.S.C. §§ 2201, 2202.

20. Plaintiff has been obligated to retain the civil rights law office of J. Courtney Cunningham, PLLC and has agreed to pay a reasonable fee for services in the prosecution of this cause, including costs and expenses incurred. Plaintiff is entitled to recover those attorney's fees, costs and expenses from Defendants pursuant to 42 U.S.C. §12205 and 28 CFR 36.505.

## COUNT I – VIOLATIONS OF TITLE III OF THE ADA

21. The ADA requires that Public Accommodations (and Places of Public Accommodation) ensure that communication is effective, which includes the provision of auxiliary aids and services for such purpose.

22. According to 28 C.F.R. Section 36.303(b)(1), auxiliary aids and services includes "voice, text, and video-based telecommunications products and systems." 28 C.F.R. Section 36.303(b)(2) specifically states that (VoiceOver) screen reader software is an effective method of making visually delivered material available to individuals who are blind or have low vision.

23. 28 C.F.R. Section 36.303(c)(1)(ii) specifically states that public accommodations must furnish appropriate auxiliary aids and services where necessary to ensure effective communication with individuals with disabilities. "In order to be effective, auxiliary aids and

services must be provided in accessible formats, in a timely manner, and in such a way as to protect the privacy and independence of the individual with a disability."

24. Part 36 of Title 28 of the C.F.R. was designed and is implemented to effectuate subtitle A of Title III of the ADA, which prohibits discrimination on the basis of disability by public accommodations and requires places of public accommodation to be designed, constructed, and altered in compliance with the accessibility standards established by Part 36.

25. The https://www.blackrockrestaurants.com mobile website has been designed to integrate with the Black Rock Bar & Grill restaurants and the Black Rock Bar & Grill Fort Lauderdale restaurant location by providing the public the ability to order food through a food delivery (and pick up) platform as well as to purchase gift cards (for exclusive use at Black Rock Bar & Grill restaurants) online; therefore, the mobile website is an extension of Black Rock Bar & Grill restaurants (specifically, the Black Rock Bar & Grill Fort Lauderdale restaurant). By and through the mobile website, Defendants have specifically extended Black Rock Bar & Grill restaurants (including the Black Rock Bar & Grill Fort Lauderdale restaurant) into individual persons' homes and portable devices wherever located. The mobile website is a service, facility, privilege, advantage, benefit and accommodation of Black Rock Bar & Grill restaurants and is integrated with, and is a nexus to, the Black Rock Bar & Grill Fort Lauderdale restaurant location. Therefore, it is governed by the following provisions:

  a. U.S.C. Section 12182(a) provides: "No individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases (or leases to), or operates a place of public accommodation."

  b. 42 U.S.C. Section 12182(b)(1)(A)(i) provides: "It shall be discriminatory to

8

subject an individual or class of individuals on the basis of a disability or disabilities of such individual or class, directly, or through contractual, licensing, or other arrangements, to a denial of the opportunity of the individual or class to participate in or benefit from the goods, services, facilities, privileges, advantages, or accommodations of an entity[.]"

  c. 42 U.S.C. Section 12182(b)(1)(A)(ii) provides: "It shall be discriminatory to afford an individual or class of individuals, on the basis of a disability or disabilities of such individual or class, directly, or through contractual, licensing, or other arrangements with the opportunity to participate in or benefit from a good, service, facility, privilege, advantage, or accommodation that is not equal to that afforded to other individuals[.]"

  d. 42 U.S.C. Section 12182(b)(1)(A)(ii) provides: "It shall be discriminatory to provide an individual or class of individuals, on the basis of a disability or disabilities of such individual or class, directly, or through contractual, licensing, or other arrangements with a good, service, facility, privilege, advantage, or accommodation that is different or separate from that provided to other individuals, unless such action is necessary to provide the individual or class of individuals with a good, service, facility, privilege, advantage, or accommodation, or other opportunity that is as effective as that provided to others[.]"

  e. 42 U.S.C. Section 12182(b)(1)(B) provides: "Goods, services, facilities, privileges, advantages, and accommodations shall be afforded to an individual with a disability in the most integrated setting appropriate to the needs of the individual."

  f. 42 U.S.C. Section 12182(b)(1)(C) provides: "Notwithstanding the existence of separate or different programs or activities provided in accordance with this section, an individual with a disability shall not be denied the opportunity to participate in such programs or activities that are not separate or different."

      g.    42 U.S.C. Section 12182(b)(2)(ii) describes as discrimination: "a failure to make reasonable modifications in policies, practices, or procedures, when such modifications are necessary to afford such goods, services, facilities, privileges, advantages, or accommodations to individuals with disabilities, unless the entity can demonstrate that making such modifications would fundamentally alter the nature of such goods, services, facilities, privileges, advantages, or accommodations[.]"

      h.    42 U.S.C. Section 12182(b)(2)(iii) describes as discrimination: "a failure to take such steps as may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services, unless the entity can demonstrate that taking such steps would fundamentally alter the nature of the good, service, facility, privilege, advantage, or accommodation being offered or would result in an undue burden[.]"

26.    Plaintiff attempted but was unable to access and/or utilize the mobile website https://www.blackrockrestaurants.com. Plaintiff continues to be unable to enjoy full and equal access to the mobile website and/or understand the content therein because numerous portions of the mobile website do not interface with VoiceOver screen reader software. Specifically, features of the mobile website that are inaccessible to VoiceOver screen reader software users include, but are not limited to, the following (citing the WCAG 2.1 Level A and AA Guidelines):

i.    Guideline 1.1.1 Non-Text Content is violated. Mobile VoiceOver screen reader software users cannot access any of the content in the *Kids* menu, only "image" is announced.

ii.    Guideline 1.3.1 Info and Relationships is violated. Accessibility issues are present in the *Delivery* menu. The content in the *Delivery* menu is not announced. When a mobile VoiceOver screen reader software user swipes through the *Delivery* menu, only "image" is announced.

iii.    Guideline 1.4.5 Images of Text is violated. The site does not use images of text (so that screen readers are unable to comprehend). The content on the 14-page menu is not accessible for mobile VoiceOver screen reader software users, while "image" is announced

multiple times, the text is not announced.

iv. Guideline 4.1.2 Name, Role, Value is violated. All elements must be built for accessibility and this is not the case. While there are no reservations through the mobile website for the Fort Lauderdale restaurant location, for the Tampa restaurant location, mobile VoiceOver screen reader software users are not able to book a reservation using the *click to book priority seating* button. While the button is announced, it does not open. A mobile VoiceOver screen reader software user is only able to access the booking page, if they click on an unlabeled *Open Table* logo.

27. As the owner and/or operator of the Black Rock Bar & Grill restaurant mobile website, Defendants are required to comply with the ADA and the provisions cited above. This includes Defendants' obligation to create and maintain a mobile website that is accessible to and usable by visually impaired persons so that they can enjoy full and equal access to their mobile website and the content therein, including the ability to order food online for delivery or pickup, and the ability to purchase gift cards online.

28. In this instant case, the https://www.blackrockrestaurants.com mobile website food delivery accommodations and "priority seating reservations" are linked to a third party vendors. The fact that a portion of the WCAG 2.1 Level A and AA Guideline violations may be related to third party vendors does not absolve Defendants of culpability. Because restaurants are places of public accommodation, their operators are subject to the requirements of Title III as well. 42 U.S.C. § 12181(7)(b). Those requirements include a prohibition against subjecting patrons with disabilities to discrimination "through contractual, licensing, or other arrangements," such as use of third party vendors' inaccessible platforms for making reservations. 42 U.S.C. § 12182(b)(1)(A); *See Kohler v Bed Bath & Beyond of Cal., LLC*, 780 F.3d 1260, 1264-66 (9th Cir. 2015) (Pre-existing obligations under Title III of the ADA may not be avoided through contractual arrangements, and those obligations remain even where compliance is under control of another party); *Robles v. Yum! Brands, Inc.*, 2018 WL 566781, *4 (C.D. Cal. January 24, 2018) (restaurant

11

operators are liable for website and mobile app accessibility where there is a nexus to the restaurants themselves).

29. With respect to the https://www.blackrockrestaurants.com mobile website, Defendants have violated the ADA by failing to interface the mobile website with VoiceOver screen reader software utilized by visually impaired individuals (as specifically delineated within paragraph 26) either directly or through contractual, licensing or other arrangements. These violations have resulted in Defendants' joint and several denial of accommodation to Plaintiff in the basis of her disability:

a. by depriving Plaintiff of the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of its place of public accommodation (42 U.S.C. § 12182(a));

b. in the denial of providing Plaintiff the opportunity to participate in or benefit from the goods, services, facilities, privileges, advantages, or accommodations (42 U.S.C. § 12182(b)(1)(A)(i));

c. in failing to afford Plaintiff the opportunity to participate in or benefit from a good, service, facility, privilege, advantage, or accommodation that is equal to that afforded to other individuals (42 U.S.C. § 12182(b)(1)(A)(ii));

d. by providing Plaintiff a good, service, facility, privilege, advantage, or accommodation that is different or separate from that provided to other individuals (unless such action is necessary to provide the individual or class of individuals with a good, service, facility, privilege, advantage, or accommodation, or other opportunity that is as effective as that provided to others) (42 U.S.C. § 12182(b)(1)(A)(iii));

e. by failing to afford Plaintiff goods, services, facilities, privileges,

advantages, and accommodations in the most integrated setting appropriate to the needs of the disabled individual (42 U.S.C. § 12182(b)(1)(B));

   f. notwithstanding the existence of separate or different programs or activities provided in accordance with this section, by denying Plaintiff the opportunity to participate in such programs or activities that are not separate or different. (42 U.S.C. § 12182(b)(1)(C));

   g. by a failure to make reasonable modifications in policies, practices, or procedures, when such modifications are necessary to afford such goods, services, facilities, privileges, advantages, or accommodations to individuals with disabilities (unless the entity can demonstrate that making such modifications would fundamentally alter the nature of such goods, services, facilities, privileges, advantages, or accommodations) (42 U.S.C. § 12182(b)(2)(ii)); and,

   h. by a failure to take such steps as necessary to ensure that disabled individuals are not excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services (unless the entity can demonstrate that taking such steps would fundamentally alter the nature of the good, service, facility, privilege, advantage, or accommodation being offered or would result in an undue burden) (42 U.S.C. § 12182(b)(2)(iii)).

30. Plaintiff is continuously aware of the violations within the mobile website and is aware that it would be a futile gesture to attempt to utilize that mobile website as long as those violations exist unless she is willing to suffer additional discrimination.

31. Plaintiff is well aware that the ADA requires effective communications. However, long aForter the required date of compliance, many public accommodations refuse to comply leaving Plaintiff feeling excluded and rejected because she is disabled. As a result, Plaintiff has suffered (and continues to suffer) frustration and humiliation as the result of the discriminatory

conditions present within the https://www.blackrockrestaurants.com mobile website. By continuing to operate the mobile website with discriminatory conditions, Defendants continue to contribute to Plaintiff's sense of isolation and segregation and to deprive Plaintiff the full and equal enjoyment of the goods, services, facilities, privileges and/or accommodations Defendants make available to the general public. By encountering the discriminatory conditions within the mobile website and knowing that it would be a futile gesture to attempt to utilize the mobile website unless she is willing to endure additional discrimination, Plaintiff is deprived of the meaningful choice of freely visiting and utilizing the same accommodations readily available to the general public and is deterred and discouraged from doing so. By maintaining a mobile website with violations, Defendants have deprived (and continue to deprive) Plaintiff the equality of opportunity offered to the general public.

32. Plaintiff has suffered (and will continue to suffer) direct and indirect injury as a result of Defendants' discrimination until Defendants are compelled to comply with the requirements of the ADA and conform their mobile website to WCAG 2.1 Level A and AA Guidelines.

33. Plaintiff has a realistic, credible, existing and continuing threat of discrimination from Defendants' non-compliance with the ADA with respect to the mobile website https://www.blackrockrestaurants.com. Plaintiff has reasonable grounds to believe that she will continue to be subjected to discrimination in violation of the ADA by Defendant when she visits the website to test for compliance with the ADA. Plaintiff desires to access the mobile website to avail herself of the benefits, advantages, goods and services therein, and/or to assure herself that this mobile website is in compliance with the ADA so that Plaintiff will have full and equal enjoyment of the mobile website without fear of discrimination.

34. Plaintiff is without adequate remedy at law and has suffered (and will continue to suffer) irreparable harm. Plaintiff will continue to suffer such discrimination, injury and damage without the immediate relief provided by the ADA as requested herein.

35. Pursuant to 42 U.S.C. § 12188, this Court is provided with authority to grant Plaintiff Injunctive Relief, including an order to require Defendants to alter the https://www.blackrockrestaurants.com mobile website to make it readily accessible to and usable by Plaintiff and other persons with vision impairments.

**WHEREFORE,** Plaintiff Windy Lucius hereby demands judgment against Defendant 5th Bite of the Apple, LLC and Defendant 755 Management Company, Inc. and requests the following injunctive and declaratory relief:

a. The Court issue a Declaratory Judgment that determines that the https://www.blackrockrestaurants.com mobile website is in violation of Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181 et seq.;

b. The Court issue a Declaratory Judgment that Defendants have violated the ADA by failing to monitor and maintain the https://www.blackrockrestaurants.com mobile website to ensure that it is readily accessible to and usable by persons with vision impairment;

c. The Court issue an Order directing Defendants to alter the mobile website to make it accessible to, and useable by, individuals with disabilities to the full extent required by Title III of the ADA;

d. The Court issue an Order directing Defendants provide the appropriate auxiliary aids such that individuals with visual impairments will be able to effectively communicate with the https://www.blackrockrestaurants.com mobile website for

purposes of comprehending Black Rock Bar & Grill menu selections, ordering/paying for giFort cards online, and ordering food for delivery or pickup and during that time period prior to the mobile website being designed to permit individuals with visual impairments to effectively communicate, requiring Defendants to provide an alternative method for individuals with visual impairments to effectively communicate so that disabled individuals are not impeded from obtaining the goods and services made available to the public through the mobile website.

e. The Court enter an Order directing Defendants to evaluate and neutralize their policies and procedures towards persons with disabilities for such reasonable time so as to allow Defendants to undertake and complete corrective procedures;

f. The Court enter an Order directing Defendants to continually update and maintain the mobile website to ensure that it remains fully accessible to and usable by visually impaired individuals;

g. The Court award attorney's fees, costs and litigation expenses pursuant to 42 U.S.C. § 12205; and,

h. The Court provide such other relief as the Court deems just and proper, and/or is allowable under Title III of the Americans with Disabilities Act.

Dated: August   , 2022

Respectfully submitted,

*/s/ J. Courtney Cunningham*
J. Courtney Cunningham, Esq.
J. COURTNEY CUNNINGHAM, PLLC
FBN: 628166
8950 SW 74th Court, Suite 2201
Miami, Florida 33156
T:  305-351-2014

16

cc@cunninghampllc.com  
*Counsel for Plaintiff*